FILED'11 FEB 16 15:15USDC-ORE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

LOUIS CARUSO,                          )
                                       )
              Plaintiff,               )    Civil No. 10-6026-HO
                                       )
                                       )
              v.                       )    ORDER
                                       )
U.S. BUREAU OF ALCOHOL, TOBACCO, AND  )
FIREARMS,                              )
                                       )
              Defendant.               )
_____)

     Plaintiff, Louis Caruso, brings this suit seeking disclosure
of records concerning Valiant Firearms, a business he previously
owned.  Plaintiff also seeks a declaration that defendant, the
United States Bureau of Alcohol, Tobacco and Firearms (ATF), failed
to timely respond to his request for certain information.
Plaintiff asserts a violation of FOIA, 5 U.S.C. § 552 et. seq.  The

parties agree that the court has sufficient information to decide this case on summary judgment.

On June 7, 2009, plaintiff requested the following documents from the ATF:

1. A & D Books pertaining to Valiant Firearms (whether under the name of Louis Caruso or Carol Caruso);

2. all federal 4473 seller firearms forms pertaining to Louis Caruso;

3. all federal 4473 seller firearms forms pertaining to Valiant Firearms (whether under the name of Louis Caruso or Carol Caruso);

4. all NFA forms 3 and 4, detailing transfer of machine guns, pertaining to Louis Caruso;

5. all NFA forms 3 and 4, detailing transfer of machine guns, pertaining to Valiant Firearms (whether under the name of Louis Caruso or Carol Caruso);

6. any and all gunsmith books detailing weapons submitted, traded or exchanged for repairs pertaining to Louis Caruso;

7. any and all gunsmith books detailing weapons submitted, traded or exchanged for repairs pertaining to Valiant Firearms (whether under the name of Louis Caruso or Carol Caruso).

Plaintiff's counsel contacted the ATF in late July of 2009 and, on July 31, 2009, the ATF responded that the review of the request would be completed by August 10, 2009. The ATF did not answer the request on August 10, 2009.

On February 2, 2010, plaintiff filed a complaint initiating this proceeding. Defendant answered the complaint on June 23, 2010, admitting it had not timely responded to the request.

In September of 2010, the ATF provided 764 pages of documents responsive to items 4 and 5, but redacted some information pursuant to 5 U.S.C. § 552(b)(3). The ATF refused to disclose documents responsive to the remaining requests, asserting exemption under 5 U.S.C. § 552(b)(3) and Public Law 111-117, 123 Stat. 3034. In addition, at the time the ATF responded to plaintiff's motion for summary judgment, it also provided an index of the information withheld along with asserted FOIA exemptions and the reasons it asserted the exemptions.

Plaintiff seeks the above information to evaluate and potentially pursue claims against plaintiff's ex-wife for acts and omissions during the time she was helping run Valiant Firearms and to pursue claims regarding her abuse of plaintiff.

Both parties now seek summary judgment. There is no dispute that defendant failed to timely respond plaintiff's FOIA request and plaintiff's motion for summary judgment as to his claim for declaratory relief that the ATF failed to timely respond is granted. 5.U.S.C. § 552(a)(6)(A)(I).

The ATF asserts that it properly withheld documents under FOIA exemption 3 and under exemption 6.

The FOIA mandates a policy of broad disclosure of government documents when production is properly requested. 5 U.S.C. § 552(a)(3). An agency may deny disclosure of its records only if the information falls within one of the nine statutory exemptions to

3 - ORDER

the disclosure requirement under 5 U.S.C. § 552(b). <u>Multnomah County Medical Soc'y v. Scott</u>, 825 F.2d 1410, 1413 (9th Cir. 1987). The government has the burden of establishing that one of the exemptions applies. <u>Id</u>. Exemptions to the FOIA are narrowly construed. <u>John Doe Agency v. John Doe Corp.</u>, 493 U.S. 146, 151 (1989). The general philosophy of the FOIA is full agency disclosure, unless information is exempted under clearly delineated statutory language. <u>Department of the Air Force v. Rose</u>, 425 U.S. 352, 260-61 (1976).

> On complaint, the district court of the United States has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case, the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action. In addition to any other matters to which a court accords substantial weight, a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under paragraph (2)© and subsection (b) and reproducibility under paragraph (3)(B).

5 U.S.C. § 552(a)(4)(B)

> Under 5 U.S.C. § (b)(3), an agency may withhold information

that is

> > (3) specifically exempted from disclosure by statute (other than section 552b of this title), if that statute--

> > > (A)(I) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or

(ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and

(B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph.

Public law 111-117, 123 Stat. 3034, provides, in part, that:

That, beginning in fiscal year 2010 and thereafter, no funds appropriated under this or any other Act <u>may be used to disclose part or all of the contents of the Firearms Trace System database maintained by the National Trace Center of the Bureau of Alcohol, Tobacco, Firearms and Explosives or any information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section 923(g)</u>, except to: (1) a Federal, State, local, or tribal law enforcement agency, or a Federal, State, or local prosecutor; or (2) a foreign law enforcement agency solely in connection with or for use in a criminal investigation or prosecution; or (3) a Federal agency for a national security or intelligence purpose; unless such disclosure of such data to any of the entities described in (1), (2) or (3) of this proviso would compromise the identity of any undercover law enforcement officer or confidential informant, or interfere with any case under investigation; and no person or entity described in (1), (2) or (3) shall knowingly and publicly disclose such data; <u>and all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court or in an administrative proceeding other than a proceeding commenced by the Bureau of Alcohol, Tobacco, Firearms and Explosives to enforce the provisions of chapter 44 of such title, or a review of such an action or proceeding</u>....

(emphasis added).[1]

---

[1]The parties do not address the applicability of 5 U.S.C. §

(continued...)

The ATF contends that requests 1, 2, 3, 6, and 7 fall under this prohibition because they are records required to be kept by licensees under 18 U.S.C. § 923(g).[2] Courts have previously found similar language in previous appropriations bills to apply to prevent disclosure under FOIA. See, e.g., City of Chicago v. ATF, 423 F.3d 777, 778 (7th Cir. 2005) (2005 appropriations legislation precluded request under FOIA for disclosure of information regarding sale and tracing of firearms).

Section 923(g)(1)(A) requires licensed firearms dealers to

> maintain such records of importation, production, shipment, receipt, sale, or other disposition of firearms at his place of business for such period, and in such form, as the Attorney General may by regulations prescribe. Such importers, manufacturers, and dealers shall not be required to submit to the Attorney General reports and information with respect to such records and the contents thereof, except as expressly required by this section. The Attorney General, when he has reasonable cause to believe a violation of this chapter has occurred and that evidence thereof may be found on such premises, may, upon demonstrating such cause before

---

[1](...continued)
552(b)(3)(B)    There does not appear to be a specific cite to 5 U.S.C. § (b)(3) and the appropriations bill appears to have been enacted in December of 2009 and the Open FOIA Act appears to have been enacted in October 2009 possibly negating the applicability of the exemption to this case.  This is very much the same language the appropriations bills in years past have used and courts have found past acts meet exemption 3.  Plaintiff, at oral argument, contended that the 2010 appropriations bill is inapplicable because the 2009 appropriations bill applies which would preclude resort to 552(b)(3)(B).    Nonetheless, the court declines to find the exemption applies as discussed below.

[2]18 U.S.C. § 923(g) requires gun dealers to maintain records of importation, production, shipment, receipt, sale, or other disposition of firearms.  Despite plaintiff's weak argument to the contrary, requests 1, 2, 3, 6, and 7 fall under this requirement.

a Federal magistrate judge and securing from such
magistrate judge a warrant authorizing entry, enter
during business hours the premises (including places of
storage) of any licensed firearms importer, licensed
manufacturer, licensed dealer, licensed collector, or any
licensed importer or manufacturer of ammunition, for the
purpose of inspecting or examining—

> (I) any records or documents required to be
> kept by such licensed importer, licensed
> manufacturer, licensed dealer, or licensed
> collector under this chapter or rules or
> regulations under this chapter, and

> (ii) any firearms or ammunition kept or stored
> by such licensed importer, licensed
> manufacturer, licensed dealer, or licensed
> collector, at such premises.

> The inspection and examination authorized by
> this paragraph shall not be construed as
> authorizing the Attorney General to seize any
> records or other documents other than those
> records or documents constituting material
> evidence of a violation of law. <u>If the
> Attorney General seizes such records or
> documents, copies shall be provided the
> licensee within a reasonable time.</u>

18 U.S.C. § 923(g)(D) (emphasis added).  In addition, 27 C.F.R.

478.23(d) also states that

> The inspections and examinations provided by this section
> do not authorize an ATF officer to seize any records or
> documents other than those records or documents
> constituting material evidence of a violation of law. If
> an ATF officer seizes such records or documents, copies
> shall be provided the licensee within a reasonable time.

Because section 923(g) actually requires copies of the records

to be provided to the licensee, plaintiff in this case, the

appropriations bill cited above does not preclude disclosure to
plaintiff.[3]

Defendant also contends that exemption 6 prohibits disclosure.

Under 5 U.S.C. § 552(b)(6), "personnel and medical files and
similar files the disclosure of which would constitute a clearly
unwarranted invasion of personal privacy" are exempted from
disclosure.  With this exemption, Congress sought to construct an
exemption that would require a balancing of the individual's right
of privacy against the preservation of the basic purpose of the
Freedom of Information Act to open agency action to the light of
public scrutiny.  The device adopted to achieve that balance was
the limited exemption, where privacy was threatened, for "clearly
unwarranted" invasions of personal privacy.  Rose, 425 U.S. at 372.

The threshold question is whether the requested documents are
"personnel and medical files [or] similar files" within the meaning
of 5 U.S.C. § 552(b)(6).

Personnel files ordinarily contain information such as "where
[an individual] was born, the names of his parents, where he has
lived from time to time, his high school or other school records,
results of examinations, [and] evaluations of his work
performance." Rose, 425 U.S. at 377.  The Supreme Court has defined

---

[3]The court expresses no opinion as to plaintiff's proposed use
of the information to evaluate and potentially pursue claims
against plaintiff's ex-wife for acts and omissions during the time
she was helping run Valiant Firearms and to pursue claims regarding
her abuse of plaintiff.

"similar file" broadly as government records containing "information which applies to a particular individual." United States Department of State v. Washington Post Co., 456 U.S. 595, 602 (1982).

. The inquiry then moves to whether disclosure of the requested records in this case would constitute a "clearly unwarranted invasion of personal privacy" within the meaning of 5 U.S.C. § 552(b)(6). The test the court uses here is to balance public interest in disclosure against the interest Congress intended the exemption to protect. See Department of Defense v. FLRA, 510 U.S. 487, 495 (1994).

Here, the information requested does not equate to personnel or medical files. City of Chicago v. U.S. Dept. of Treasury, 287 F.3d 628, 636 (7th Cir. 1997).

Finally, the ATF contends that exemption three applies to the information redacted in the eventual response to the FOIA request to the extent the redactions related to tax return information. 26 U.S.C. § 6103(a) prohibits disclosure of tax return information. The redactions related to the names of transferees and transferors and other information that identifies, for example, firearm manufacturers, on Applications for Tax-Exempt Transfer of Firearm and Applications for Tax Paid Transfer. The court declines the government's invitation to declare such information constitutes "return information" within the meaning of 26 U.S.C. 6103(a).

CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment (#14) is granted and defendant's motion for summary judgment (#27) is denied.

DATED this ___16th___ day of February, 2011.

United States District Judge

10 - ORDER