**DWIGHT C. HOLTON, OSB #09054**
United States Attorney
District of Oregon
**KEVIN DANIELSON, OSB # 06586**
kevin.c.danielson@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone:   503-727-1025
Facsimile:    503-727-1117
      Attorneys for U.S. Bureau of Alcohol, Tobacco, and Firearms

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **LOUIS CARUSO,** | **CV 10-6026-HO** |
|        **Plaintiff,** | **DEFENDANT'S OBJECTION TO PLAINTIFF'S  PROPOSED** |
|     **v.** | **JUDGMENT** |
| **U.S. BUREAU OF ALCOHOL, TOBACCO, AND FIREARMS,** | |
|      **Defendant**. | |

     Defendant U.S. Bureau of Alcohol, Tobacco, and Firearms, by Dwight C. Holton,

United States Attorney for the District of Oregon, through Assistant U.S. Attorney Kevin

Danielson, objects to Plaintiff's proposed judgment.  CR 42.

**Page - 1**     **Defendant's Objection to Plaintiff's Proposed Judgment**
             *Caruso v. ATF*, CV 10-6026-HO

## I.    INTRODUCTION

Plaintiff Louis Caruso brought this action against ATF under the Freedom of Information Act based upon his request for information related to his gun business.  Both parties moved for summary judgment.  On February 16, 2011, this Court granted summary judgment in favor of Plaintiff and denied ATF's motion for summary judgement.  CR 41. Plaintiff has submitted a proposed judgment ordering ATF to produce the documents within 20 days after the entry of judgment and to award the Plaintiff attorney fees.  CR 42.

## II.    ARGUMENT

Plaintiff's proposed judgment would require the government to disclose the requested documents within 20 days after the judgment is entered.  The government respectfully objects to the imposition of a disclosure deadline.  Premature disclosure of the documents will render any appellate review of this Court's order moot.  *John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309 (1989) (Marshall, J., in chambers); *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979).

The Acting Solicitor General of the United States must be assured adequate time to determine whether the government should pursue appellate review.  28 C.F.R. § 0.20(b). That determination requires consultation with ATF and interested components of the Department of Justice.  In recognition of that extensive review process, the government is permitted 60 days within which to file a notice of appeal.  Fed. R. App. P. 4(a)(1)(B).

To avoid truncating this process or pretermitting the government's ability to pursue

appellate review, any judgment entered in this case should not impose a disclosure deadline that precedes the conclusion of any appellate review that the Acting Solicitor General might authorize.

Plaintiff's proposed judgment would also impose on the government attorney fees and costs. A "claim for attorney fees and related nontaxable expenses," however, "must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). Moreover, any motion for attorney fees "must set forth the relevant facts and arguments of the moving party, along with all supporting authorities and affidavits." LR 54-3. Here, Plaintiff has not complied with either Fed. R. Civ. P. 54(d)(2)(A) or LR 54-3 regarding attorney fees.

The opportunity for responsive filings on the question of fees is particularly important in FOIA cases, as "Congress did not intend an award of attorney's fees [under FOIA] to be automatic." *Church of Scientology of California v. United States Postal Serv.*, 700 F.2d 486, 492 (9th Cir. 1983). Rather, the court must "weigh the facts of each case against the criteria of the existing body of case law on the award of attorney fees and then exercise its discretion in determining whether an award is appropriate." *Id.* (internal quotation marks omitted). Even if a party is *eligible* for fees, he must further establish that he is *entitled* to them. *Id.* at 489. In making that determination, a court must consider: "(1) the public benefit from disclosure, (2) any commercial benefit to the plaintiff resulting from disclosure, (3) the nature of the plaintiff's interest in the disclosed records, and (4) whether the government's

withholding of the records had a reasonable basis in law," as well as any other factors the court deems relevant. *Id.* at 492.

In light of the requirements of the federal and local rules and the extensive analysis the FOIA fee inquiry requires, Plaintiff should not be awarded attorney fees as part of the judgment in this case.

## III.    CONCLUSION

For the reasons stated above, Defendant ATF objects to Plaintiff's proposed judgment and requests that this Court not impose a disclosure deadline that precedes the conclusion of any appellate review that the Acting Solicitor General might authorize.  In addition, Plaintiff should not be awarded attorney fees as part of the judgment.

DATED this 24th day of February 2011.

Respectfully submitted,

DWIGHT C. HOLTON
United States Attorney
District of Oregon
*/s/ Kevin Danielson*
KEVIN DANIELSON
Assistant United States Attorney
Attorneys for Defendant

Page - 4    **Defendant's Objection to Plaintiff's Proposed Judgment**
*Caruso v. ATF*, CV 10-6026-HO